UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-19-826 |
| | § | |
| | § | |
| | § | |
| ELIN ARTURO CASTILLO *on bond* | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Elin Arturo Castillo's motion to disclose identity of confidential informant. Dkt. 14. The government responded. Dkt. 18. Castillo replied. Dkt. 19. Having considered the motion, response, reply, and applicable law, the court is of the opinion that a ruling on Castillo's motion should be DEFERRED pending a hearing on the motion and an *in camera* hearing with the confidential informant.

### BACKGROUND

Castillo is charged with (1) conspiring to possess 500 grams or more of cocaine with intent to distribute and (2) possession of 500 grams or more of cocaine with intent to distribute. Dkt. 14. According to discovery produced by the government, a confidential informant ("CI") advised law enforcement officers that he was in communication with Castillo about purchasing cocaine for a customer in New York City. *Id.* On June 10, 2019, the CI and an undercover agent met with Castillo in the parking lot of Alameda Mall. *Id.* At the agent's behest, Castillo entered the undercover vehicle where Castillo allegedly discussed doing two deals of ten kilograms each. *Id.* Castillo allegedly contacted someone in Mexico and then left the location to meet the person transporting the cocaine. *Id.*

When Castillo returned, he was in the passenger seat of a truck. *Id.* At the behest of an undercover agent, the CI walked up to the truck and allegedly saw three bundles of cocaine on the left rear passenger side floorboard of the vehicle. *Id.* Another undercover agent arrived, flashed money to Castillo, and left. *Id.* Castillo then got into the undercover vehicle where the agent said he would not do a deal for less than 500 kilograms. *Id.* Castillo again allegedly called someone in Mexico, and the agent spoke with the person on the line about the deal. *Id.*

During this time, the truck left the parking lot. *Id.* Agents stopped the truck and discovered cocaine in a hidden trap in the rear seat area. *Id.* The cocaine was not readily visible. *Id.* Castillo was arrested separately. *Id.* The government attempted to record conversations between the CI and Castillo, but the recordings are of poor quality. *Id.*

On August 21, 2020, Castillo filed a motion to disclose identity of confidential informant. *Id.* Castillo asks the court to order (1) disclosure of the identity of the CI, (2) the government to produce the CI for an interview or provide defense counsel with his current address, and (3) the government to provide discovery of the CI's prior record, promised immunities, and any other information bearing on his bias or credibility. *Id.* In the alternative, Castillo asks that the court hold an evidentiary hearing and conduct an *in camera* examination of the CI to determine whether the CI's identity should be disclosed. *Id.*

## ANALYSIS

In *Roviaro*, the United States Supreme Court examined the issue of disclosure of an informant and held that courts must balance the government's interest in confidentiality against the defendant's "right to prepare his defense." *Roviaro v. United States*, 353 U.S. 53, 62, 77 S. Ct. 623 (1957). The Court noted that the proper balance "depend[s] on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible

2

significance of the informer's testimony, and other relevant factors." *Id.* In cases applying *Roviaro*, the Fifth Circuit utilizes a three-part test to determine whether disclosure of an informant is required. *United States v. De Los Santos*, 810 F.2d 1326, 1331 (5th Cir. 1987). First, the court looks to "the level of the informant's involvement in the alleged criminal activity." *Id.* The more actively the informant participated, "the more likely disclosure will be required." *Id.* Second, the court considers "the helpfulness of disclosure" to the defense. *Id.* Lastly, the court considers the government's interest in nondisclosure, which relates to "both the safety of the informant and the informant's future usefulness to the authorities as a continuing confidential source." *Id.*

In the Fifth Circuit, there are three categories of cases elaborating upon the balancing required by *Roviaro*. *Suarez v. United States*, 582 F.2d 1007, 1011. (5th Cir. 1978). At one extreme, there are cases where "the informant played an active and crucial role" in the events for which the defendant may be criminally liable in which disclosure and production of the informant is required. *Id.* On the other extreme, there are cases where the informant did not actively participate but was just a "tipster" in which disclosure is not required. *Id.* In the third category of cases which "falls in between [the] two extremes," there is a possibility that the defendant could "benefit from disclosure, but the Government claims a compelling need to protect its informant." *Id.* Castillo's case falls into the third category because it is possible that Castillo would benefit from disclosure, but the government claims a compelling need to protect its CI. Dkts. 14, 18, 19.

The Fifth Circuit has repeatedly approved of utilizing *in camera* hearings in cases like Castillo's where there are conflicting interests which require balancing. *See, e.g.*, *United States v. Doe*, 525 F.2d 878, 880 (5th Cir. 1976) (approving of an *in camera* hearing to assist the court in applying *Roviaro* and noting the importance of examining the particular circumstances of a case "[e]specially in instances where the informant is a witness to the illegal transaction"); *De Los*

*Santos*, 810 F.2d at 1332 ("To properly balance the interests in this case, it was necessary to know the substance of the information possessed by the informant. The *in camera* proceeding was the appropriate method of examining the information and balancing the interests."); *United States v. Orozco*, 982 F.2d 152, 155 (5th Cir. 1993) ("The court may conduct an *in camera* hearing when necessary to balance the conflicting interests involved."). The "limited disclosure" of the confidential informant's identity in an *in camera* hearing "recognizes the government's interest in maintaining anonymity while at the same time insuring the [defendant's] interest in developing the testimony of every witness who possesses facts which could control his claim." *United States v. Freund*, 525 F.2d 873, 877 (5th Cir. 1976).

The court finds that an *in camera* hearing is necessary to properly balance the *Roviaro* factors. Accordingly, the court DEFERS ruling on Castillo's motion to disclose identity of confidential informant. Prior to the *in camera* hearing, the court will hold a phone hearing with both parties to discuss Castillo's theory of the case so that the court can determine whether the CI has any information of value to the defendant during the *in camera* hearing. *See United States v. Ibarra*, 493 F.3d 526, 531–32 (5th Cir. 2007) (noting that district court judge met with defense counsel prior to *in camera* hearing to discuss defendant's theory of the case). During the *in camera* hearing, the court will also question the government and the CI about the government's interest in nondisclosure of the CI's identity. *See United States v. Fischer*, 531 F.2d 783, 788 (5th Cir. 1976) ("The informer and government counsel should also be questioned concerning the interests which the government may have in resisting disclosure and production.").

## CONCLUSION

For the aforementioned reasons, Castillo's motion to disclose identity of confidential informant is DEFERRED pending a hearing on the motion and an *in camera* hearing.

Signed at Houston, Texas on December 23, 2020.

_____
Gray H. Miller
Senior United States District Judge